BENJAMIN BONIFANT v. JOHN DONIPHAN & JAMES WALKER.

*Error from Leavenworth County.*

Elliott *v.* Lochnane *et al.*, [1 Kans. R., 126,] deciding that the Civil Code took effect from June 1st, 1859, confirmed.

There were June 1st, 1859, and are in force two distinct statutes of limitation—the one taking effect Feb. 10th, 1859, the other June 1st, 1859.

Section 1 of the act of Feb. 10th, 1859, (amendatory act) is a nullity. Section 2 is the expression of the legislative will on a legitimate subject, and is valid from that date and was not repealed by section 14 of the Civil Code of Feb. 11th. Section 2, act of Feb. 10th, construed in the light of section 15 of the Civil Code, does not conflict with section 14.

*Semble,* actions upon contracts made beyond, as well as those upon contracts made within the limits of the state, would, in absence of other provisions, be included in section 20 of the Civil Code of Feb. 11th, 1859.

But under section 15 Civil Code, providing that when in a special case a limitation different from that prescribed in the Code shall be provided, such provision shall control, the cases on foreign contracts mentioned in the act of Feb. 10th, are "special," and the limitations of the Code are not to apply to them.

The operation of section 28 Civil Code, is not confined to cases in which a limitation is prescribed in the Code, but applies to cases provided for in the Civil Code of Feb. 11th, and also in the act of Feb. 10th, 1859.

Where action on a promissory note executed in Missouri, dated May 30th, 1860, payable one year after date, is commenced July 31st, 1863, and it is admitted on the trial, as pleaded, that defendants, makers "at the time, before and since the cause of action accrued, were out of the state of Kansas, and non-residents thereof, and thus have been absent and non-resident for the last two years;" *Held* that the cause of action was not barred.

This action was commenced on the 31st day of July, A. D. 1863, by Bonifant, plaintiff in error, to recover $1,819.65, the amount of a promissory note executed at Weston in the state of Missouri, on the 30th day of May, 1860, by James E. Walker and John Doniphan, payable to plaintiff one year after that date. The defendant, Doniphan, having property in this state, an order of attachment issued

with the summons, and certain lands were thereunder attached.

The defendants first answered by putting in a general denial; after which, defendant Doniphan, on leave, filed an amended answer. The plaintiff's petition, after setting out the liability of the defendants, alleges that the defendants at the time the cause of action accrued on the note, were out of this territory and out of the state, and had never resided in the state, &c. The amended answer of the defendant Doniphan, simply pleads the statute of limitation. Judgment was given for defendants below, and plaintiff brings the case up on error.

*H. Griswold, Burns & Wolfe,* for plaintiff in error, *Hemmingray & Gambell,* for defendants in error.

The case was argued by *L. Burns* and *H. J. Wolfe,* for plaintiff in error, and by *W. P. Gambell,* for defendants in error.

*H. Griswold* submitted a brief, making the following points :

The case involves the construction of the act approved Feb. 10th, 1859, amendatory of the "civil procedure act."

The plaintiff in error claims that this amendatory act is in effect but part of that portion of the Code relating to the limitation of actions, and is to be treated and construed in all respects as though it was a section constituting a part of Title II. So considered, it will, of course, be controlled by section 28 of the Code, by the provisions of which section the statute ceases to run whenever a debtor is out of the state. The two statutes are to be taken as one. Then the law will stand thus : Actions upon a contract or promise in writing, must be brought within three years, and, if made beyond the limits of the state, within two years. But, if the debtor be any time absent from the state, the time of

his absence shall not be computed as any part of the period within which the action must be brought.

The object of the statutes of limitation shows that this is the proper view to take of the question. They are statutes of repose for the protection of the citizens of the state enacting them.

Section 29 of the Code gives to a non-resident defendant the benefit of the statute of the state in which he resides.

In cases of part payment, acknowledgment or promise in writing, an action may be brought within the period prescribed for the same, after such payment, acknowledgment or promise. Now if the amendatory act of Feb. 10th is to be regarded as an independent act, standing by itself, and in no manner modified by the provisions of other parts of the statutes of limitations, then part payment, acknowledgment or promise will have no effect upon the cause of action, but the bar of the statute will be absolute and invincible, and above the power of the parties to avoid it. Should it be said the construction given to the statute on this point in England and other states would be given here, and that an acknowledgment or promise would still take a case out of the statute, then we would have this anomaly, that in all cases but one the acknowledgment must be in writing, but in the one solitary case of the application of the two year statute a case may be taken out of the statute by a promise or acknowledgment not in writing. Our legislature never intended to introduce such an anomaly and such confusion into a system whose object and whose claim are simplicity.

Again; can the creditor, in a case coming under the "amendatory act," if a minor, a married woman, insane or imprisoned, bring the action within two years after such disability is removed? It could not have been the intention of the legislature to bar an insane person of his action in two years, and while his insanity continued. Yet it has done so, unless the "amendatory act" be held as a

part of the statute of limitations, as found in the Code, and controlled and modified by those parts of it which modify the statute embraced in sections 16, 25.

The act limiting the time for bringing an action to two years after the cause of action accrued was approved Feb. 10, 1859, and took effect on its passage. The Code was approved Feb. 11th, and took effect June 1, 1859. Hence the two year act was in force when the Code, containing the statute of limitations was approved and when it took effect. Section 14 of the Code approved after the two year act took effect, it will be remembered, provides that all acts and parts of acts inconsistent with the provisions of that act are repealed.

The act of February 10th, called " an amendatory act," if it is an independent act, unmodified and unaffected in any manner by any of the provisions of Title II., is certainly inconsistent with the provisions of this last named act. It is inconsistent with the provisions of Title II., in this, that it limits the time of commencing actions to two years in those cases in which, by the provisions of Title II., they may be commenced within three years. If, then, this act is not a part of the general system of the statutes of limitation, to be considered only as an additional section of the Code, then it is repealed by section 14 of the Code, and is wholly inoperative and of no force or effect.

Hence, the defendants claim too much. Notice the broad and comprehensive language used in section 28 of the Code, bearing in mind, also, that when it was approved the two year act was in force. It says, "if, when a cause of action accrues against a person, he be out of the territory," &c. The language is not, if, when a cause of action accrues against a person, *as specified in this act*, or similar language, showing that the provision is to have a restricted application, but it is sweeping. *In all cases* where a limitation is interposed by statute to the bringing of an action against a person, in case of his absence from

the state, the statute shall not run during his absence, but shall remain dormant.

The first section of the two year act says, the act to which it is amendatory—which is the Code—shall take effect and be in force from and after the passage of that act; *i. e.*, that part of it of which, particularly, it was amendatory, shall take effect and be in force, &c.   But I care not if the provision is understood as extending to the whole Code.   It shows that it was the intention of the legislature to connect the two acts together, as one statute— to make them as one.   That is just what we seek to do in the construction we contend for.   So that, during the absence of a debtor from the state, no matter where the contract was made, the statute of limitations does not run in his favor.

*Burns & Wolfe*, also for plaintiff in error, submitted :

Section 28 of the Civil Code provides that if when an action accrues against a person he be out of the territory, the period limited for the commencement of the action shall not begin to run until he comes into the territory, and if after the cause of action accrues he depart from the territory the time of his absence shall not be computed as any part of the period within which the action must be brought.

Section 29 of the Code only militates in our favor if it effects the case at all, as the statute of the state of Missouri was ten years.

The act called the "amendatory act" provides that on instruments of this character made out of the state, suit shall be brought within two years after cause of action accrued. [*See Comp. L.* 232.]   This act became a law on the 10th day of February 1859, by its own terms.

Subsequently on the 11th day of February 1859 the Civil Code with the 28th section, became a law.

Bonifant v. Doniphan and Walker.

This latter act then must either repeal or qualify the said "amendatory act." It is vain to urge that the Civil Code was put in force by the act called the "amendatory act" for the act could not be given effect until it became an act, which was not until Feb. 11th, 1859.

But a popular interpretation of the two acts is, to view the two as one and the same act, reconciling the provisions of each to the other. The 28th section of the "civil procedure act," qualifying and applying with all its force to both acts.

Now, the issue of limitations in this case, depends upon the question of the application of the 28th section to the two years statute or the repeal of the two year statute by the Civil Code, and second as to whether its provisions effect non-residents as well as citizens of the states temporarily absent. In affirming the first point the following authorities are referred to. It is a known rule of law that a statute takes effect from its date. *1st Kent Com.*, *p.* 501; 7 *Wheat.*, 164; *Mar.* 455, *Dewaries on Statutes*, 568-9-594; *Smith's Com.*,*p.* 649, *Sec.* 503, *latter part.*

The two year statute undertakes to put the Code into effect from its date, thus referring to it and making it part of the same act, consequently the two statutes must be reconciled so as to leave both in force, or the Code is to be regarded subsequent and controlling, if not repealing the two year act, for this "amendatory act" proposes what it cannot do, to give effect to an act of the legislature before its passage.

On the point of the application of the provisions of this 28th section to non-residents and foreigners as well as to those who are citizens and temporarily absent, in affirmance, the following authorities are referred to. *Angel on Lim.*, *Sec.* 206-7; *Ruggles* v. *Keeler, 3d Johns. R.*, 264; *Von Hermil* v. *Porter, 11th Met.*, 215; *Dwight* v. *Clark, 7th Mass. R.*,515; *Little* v. *Blount, 16th Pick.*, 363; *Faw* v. *Robinson, 3d Cranch,* 174; *Graves* v. *Weeks, 19th Ver-*

*mont*, (4*th Washb.*,) 178 ; *Estus* v. *Rawlings*, 5 *How. Miss. R.*, 258; *King* v. *Lane*, 7 *Mo. R.*, 241 ; *Ford* v. *Babcock*, 2*d Sanford*, 518 *from* 526 *to* 529.

On the point of the insufficiency of the defendant's answer, plaintiff relies upon the following authorities. 4 *Jacobs Law Dic.*, 179 ; *Pursons Mercantile Law*, 248 ; *Sedg. on Stat. and Int. Law*, 114 ; *Biles on Bills*, 429.

*Hemmingray & Gambell*, for defendants in error, submitted :

1.  The cause of action was barred. *Comp. L.* 232, *Secs.* 1-2-3.

2.  This act does not refer to the act establishing a Civil Code as *approved* but as " passed," and qualifies and controls the general provisions of that act on this subject. *Bank of Alabama* v. *Dalton*, 9 *How.*, (*U. S.*) 522.

3.  Applying the usual rules of interpretation to this statute, and full force must be given to its provisions.

What was the object to be obtained ? To cut off all suits on contracts entered into outside of the state, unless suit should be brought within two years. *Sed. Stat. and Const. L.*, 229, *et seq.*

4.  Whether this act is considered amendatory to the general act or both statutes are considered *in pari materia*, the court should give them such a construction as that both may have some effect, and that the one may have some operation not embraced in the other. *Sedg.* 249.

5.  Of two laws the one will be preferred which is less general, and which approaches nearer to the point in question. *Sedg.*, 281, *Sec.* 5.

*By the Court*, CROZIER, C. J.

A suit was instituted in the District Court of Leavenworth county by the plaintiff in error against the defendants in error on the 31st day of July, 1863, upon a prom-

issory note executed in Missouri on the 30th of May, 1860, payable in one year after date.   The petition after the usual allegations, contained the following: "That at the time before and since this cause of action accrued against the defendants, they the said defendants were out of the state of Kansas, and non-residents thereof, and have thus been and remained absent and non-resident for the last two years." A general denial was filed by both defendants, and Doniphan filed a separate answer alleging that two years elapsed between the giving of the note and the bringing of the suit, and "therefore the defendant Doniphan, pleads the statute of limitations as made and established," &c. Upon the trial of the cause the execution of the note in Missouri and the absence of the defendants, as stated in the petition, were admitted.   The court—a jury having been waived— found for the defendants on the ground that the action was barred by the statute of limitations, and rendered judgment accordingly.   The petition in error is filed to reverse that judgment.

The question presented for our consideration, is : Can a suit be maintained in this state upon a note executed in another state when the action is commenced more than two years after the note fell due, and the defendants are, during the whole time absent from the state? The solution of this question will depend upon the construction to be given the provisions of the Code of Civil Procedure and the "supplemental act" as it is called, which was approved Feb. 10, 1859.

It was held by this court in the case of Elliott v. Locknane, et al. (1 Kans. R. 126,) decided at the January term 1862, that the Code took effect on the first day of June 1859.   Of the correctness of that decision we entertain no doubt.   There were therefore on the first day of June 1859, and now are in force in this state two distinct statutes of limitation,—the one taking effect Feb. 10, 1859, the

other June 1st of the same year, unless the latter act repealed the former.

The fact that there was not in existence at the date of the approval of the "amendatory act" any "Code of Civil Procedure passed February 1859," to be put in force by the provisions of the first section, could not impair the validity of other provisions which on their face had no reference to such Code. The first section is a mere nullity; the second is the expression of the legislature on a subject over which they had complete control and must be regarded as valid from and after Feb. 10, 1859, the day of its approval.

But it is insisted that it was repealed by the 14th section of the Code and had no binding force after the latter took effect, which we found was on the first day of June 1859. That section is as follows: "Sec. 14. All acts and parts of acts inconsistent with the provisions of this act are repealed."

To determine the effect of this section it will be necessary to consider other provisions of the Code.

"Sec. 19. Civil actions other than for the recovery of real property, can only be brought within the following periods."

" Sec. 20. Within [three years the action upon a specialty or any agreement, contract or promise in writing."

" Sec. 15. Civil actions can only be brought within the periods prescribed in this title after the cause of action shall have accrued; but where in special cases a sufficient limitation is prescribed by statute the action may be commenced accordingly."

Actions upon contracts made beyond as well as those upon contracts made within the limits of the state would in the absence of other provisions be included in section 20. Being contracts in writing, it could make no difference where they were executed so far as that section would apply to them. But section 15 provides that where in a

special case a limitation different from that prescribed in the Code shall be provided by statute, that the provisions of such statute shall control. Therefore if the cases provided for in the act of February 10th are "special cases," the limitations of the Code are not to apply to them. The provisions of section 20 are very general and include every contract, agreement or promise in writing no matter where, by whom or for what purpose made, except as limited by section 19. It included a great variety of "special cases." It would embrace contracts for the repayment of money loaned for the performance of labor for transportation for merchandise, contracts between citizens of the same state and of different states, between citizens and aliens, contracts made within and without the state, and every other conceivable contract, if in writing. Each of those enumerated might without violating any known rule of interpretation be said to be a "special case." It is certainly no stretch of construction to say that a limitation of two years with reference to contracts in writing executed out of the state, is a "special case" within the meaning of section 14 and with reference to section 20, and if so not provided for or intended to be provided for in the latter section. Consequently the "amendatory act" and section 20 construed in the light of section 15, are not repugnant nor inconsistent, and the "amendatory act" was not repealed by section 14.

The action in the court below then would have been barred if there was nothing in the case to take it out of the operation of the "amendatory act."

The petition alleges, and it was admitted upon the trial that the defendants were absent from the state from the making of the note until the commencement of the suit, which it is claimed by the plaintiff takes the case out of the operation of the statute.

Section 28 of the Code provides "that, if, when a cause of action accrues against a person he be out of the ter-

ritory or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the territory, or while he is so absconded or concealed." If this section applies to the plaintiff's cause of action is was taken out of the operation of the statute.

It will be observed that the language is general, "if when a cause of action accrues," &c. The operation of the section is not in terms confined to cases in which a limitation is prescribed in the Code. The language is broad enough to include every cause of action whether it be a "special case" as contemplated in section 15 or the limitation be prescribed in the Code. When the Code was adopted it is reasonable to presume that the legislature knew of the existence of the act of February 10th, and if they intended that section 28 should have no application to "special cases" where a limitation different from that of the Code was prescribed, they certainly would have so provided by excepting them from its operation. They did not do so. Having no legislative power, we cannot do it.

Our conclusions are that the Code took effect on the first day of June 1859, that section 2 of the so called "amendatory act" took effect February 10th, and was not repealed by the 14th section of the Code, and that the provisions of section 28 apply to cases provided for in each act.

We are of opinion therefore, that the court below erred in giving judgment for the defendants, and the judgment will be reversed and the court ordered to sustain the motion of the plaintiff for a new trial.

All the justices concurring.