ABRAHAM HART *v.* HOSEA B. HORN.

*Error from Atchison County.*

Action on foreign judgments, commenced January, 1866. Defendant below, having resided with his family in Iowa until June, 1863, when he sold his homestead, boxed his furniture, and sent his family, with personal clothing, to Kansas, where they boarded, he, with intent to follow with his other goods, but being in the army, delayed coming until September, 1863, when he came, took his family and effects back to Iowa, shipped his boxes of goods to Kansas, but he and his family remained in Iowa until March, 1864, when all returned to Kansas to reside permanently.

*Held* that these facts of themselves did not effect a change of domicile until March, 1864; *held* that the statute of limitation of Feb. 10th, 1859 [Suppl't to Civil Code], did not commence to run on the foreign judgments, at the date of their rendition, but commenced at the time defendant first established his domicile within the state.

Ruling in Bonifant *v.* Doniphan [3 Kansas, 26], *sustained.*

"Domicil" is used as synonymous with legal residence, or home.

The intent of the party whose domicile is in question, has great weight in determining its place, but when once established, it cannot be changed but by intent, coupled with acts verifying the intent; "the fact and the intent must concur."

The facts of the case appear in the appended opinion.

*Otis & Glick*, for plaintiff in error.

*C. G. Foster*, for defendant in error.

*Otis & Glick* submitted :

1. The defendant's plea of the statute of limitation is defective in not alleging that the cause of action arose

out of the state. *Munn* v. *Talman*, 2 *Kas.*, 255; *Parsons Merch. L.*, 248.

2. But the causes of action are not barred. Sec. 28, civil code, providing that if when a cause of action accrues against a person, he be out of the state, the statute shall not commence running until he comes into the state, applies to the causes of action mentioned in the amendatory act of Feb. 10th, 1859 (the two-years statute on foreign claims). *Bonifant* v. *Doniphan*, 3 *Kans.*, 26 to 36; *Elliott* v. *Lochnane*, 1 *Kans.*, 126.

3. The visit of defendant's family to the state in 1863, was not such a coming into the state of the defendant as was contemplated in sec. 28. The defendant did not come at all. Jurisdiction could not be exercised over him in the state. Beside, sec. 28 applies to the defendant personally, not his family, nor does the place of his residence affect it. But defendant did not gain a residence here in 1863. His household goods were in Iowa with himself. The intent and act must concur in fixing a residence. The act in this case was the coming into the state himself. *Bouv. L. Dic.*, 342; 1 *Am. Lead. Cas.*, 747; 10 *Maine*, 488.

While defendant remained in Iowa, he got the benefit of the statute there. If the presence of his family here constituted him so present, as to make the statute run here, it would give rise to the legal absurdity that he was in two places at the same time. Service of process on the family here, before defendant came himself, would not have conferred jurisdiction. There were no evidences of a household in Kansas. Kansas was not his "usual place of residence." On the general subject of submitting the person to the jurisdiction of the court, was cited: *Angel Lim.*, §§ 206–7; *Gibbon* v. *Ewell*, 1 *Handy*, 564; *Taggart* v. *State*, 15 *Mo.*, 212;

*Ruggles* v. *Keeler*, 3 *Johns.*, 267 ; *Cole* v. *Jessup*, 6 *Seld.*, 105–7 ; 6 *Abb. Dig.*, 362 ; 3 *Gillm.* (*Ill.*), 537 ; 4 *id.*, 125 ; *Faw* v. *Roberdeaux*, 3 *Cranch.*, 177.

The defendant's visit to Kansas in 1864 was too transient to give him the benefit of the statute. But, if not, the claim was not barred. The statute did not run during his absence in Iowa with his family, after that, until he came back, in March, 1864. 3 *Mass.*, 271; 16 *Pick.*, 368; 1 *Pick.*, 266 ; 3 *Pars. Contr.*, 96 ; 1 *Aiken*, 282.

The burden of proof is on defendant. (6 *Abb. Dig.*, 362, § 20 ; 3 *id.*, 724, §§ 130, 131.) The amount of the judgment is erroneous.

*Foster*, for defendant in error, contended :

Any error in pleading is not before this court, none having been assigned. If any error existed, it not having been called to the attention of the court below, is waived. (*Small* v. *Douthitt*, 1 *Kans.*, 335 ; *Walker* v. *Armstrong*, 2 *Kans.*, 198, *and cases.*) If the answer was defective, it was waived by the reply. *McBride* v. *Hartwell*, 2 *Kans.*, 410 ; *Bruner* v. *Weaver*, 1 *Kans.*, 488 ; 14 *N. Y.*, 85, 145.

The question of residence is a question of fact, not of law. 1 *Am. Lead. Cas.*, 739, 744; 10 *O. S.*, 591 ; *Ingraham* v. *McGrew*, 3 *Kans.*, 521.

The finding of fact of the court will not be disturbed. 10 *O. S.*, 591; *Major* v. *Major*, 2 *Kans.*, 338.

The defendant gained a residence in Kansas when he caused his residence to be removed here, with intent to make Kansas his home ; and from that time the statute commenced to run. The *quo animo* is the real subject of inquiry. 1 *Kent Com.*, 76 ; *Puier* v. *O'Dan-*

*iel, Am. Lead. Cas.*, 735, 738, 740, 743-4, 747 ; 5 *Met.*, 587 ; *Amhurst* v. *Granby*, 7 *Mass.*, 1; *Putnam* v. *Johnson*, 10 *id.*, 488 ; *Harvard College* v. *Gore*, 5 *Pick.*, 370 ; 17 *id.*, 231; 23 *id.*, 170 ; *Horne* v. *Horne*, 9 *Iredell*, 99 ; 8 *Paige*, 519 ; 3 *Kans.*, 521.

Every person must have a domicile somewhere. 1 *Am. Lead. Cas.*, 740, 744, 754, 756.

The fact of the visit by defendant and his family to Iowa, in the autumn of 1863, with intent to return, did not change their domicile. 1 *Am. Lead. Cas.*, 746, 748 ; *Hickok* v. *Bliss*, 34 *Barb.*, 321; *Angel Lim.*, 204, 206.

Section 28, civil code, does not apply to absent debtors, who have a residence within the state, but was intended to save the rights of creditors when legal proceedings would be impossible. One having a residence here, though personally absent, can be sued. (*Chick* v. *Willets.*, 2 *Kans.*, 387 ; 34 *Barb.*, 321 ; *Angel Lim.*, 204, 206.) In Chick *v.* Willets, it is held that the statute commenced to run on such cases, from the time the right of action accrued ; in other words, that section 28 of the code does not apply to causes coming under the amendment to the code of Feb. 10th, 1859. This act is a separate, independent law. It was a law before the code was approved.

Section 15, civil code, passed after the two-years statute, provides that actions shall be commenced within the periods named in that title, except in special cases, where different limitations are prescribed. Section 28 is in that title, and does not therefore apply to the independent limitation of the act of Feb. 10th.

*By the Court*, BAILEY, J.

This cause, which comes before us on petition in error

from the district court of the county of Atchison, was brought in that court by the plaintiff in error, to recover the amount of the several judgments rendered against defendant in error, who was also defendant in the court below, in Davis county, in the State of Iowa.

The several matters set up by the defendant, by way of answer, were all waived, on the trial, except the two-years statute of limitations of Feb. 10, 1859.

The case was tried without the intervention of a jury, and the court found the following facts, viz: That defendant, Horn, and family, resided in the State of Iowa, until A. D. 1863 ; that at that time he sold his homestead there, boxed up his furniture and started his family to Kansas, with the intention of taking up his residence in said State of Kansas ; that the family took trunks and wearing apparel with them, but that his household furniture, boxed up, was left in Iowa ; that the defendant was, at that time, in the United States military service ; that his family came direct to Kansas, where defendant had relatives, and boarded with defendant's father-in-law, until September, 1863 ; that defendant did not come with his family, and first came to Kansas in September, 1863, but did not come with the intention of taking his family away—when he remained here some two or three weeks, and then took his family back to Iowa, with their clothes and personal effects ; that they remained there till March, A. D. 1864 ; that Horn remained in the military service and in the State of Iowa, until March, A. D. 1864, when his resignation was accepted, and he returned to Kansas with his family, and has remained here ever since ; that soon after Horn went back to Iowa, in September, 1863, he shipped his furniture to Kansas, and that it remained here, unopened and in store, until after he

and family came back in March, 1864; that when Horn came here (Atchison, Kansas) in 1863, he negotiated for a house, but did not conclude a bargain, and afterwards the same was not consummated; that this suit was instituted in the court below on the 22d day of January, A. D. 1866.

On these facts, which are agreed upon by both parties to be substantially correct, the court below found the following conclusions of law, viz:

1. That said Horn, the defendant, had a legal residence in Kansas from the —— day of June, A. D. 1863, when his family first arrived here, and that the statutes of limitation of this state ran in his favor from that date, and continued to run thereafter.

2. That the statutes of limitation of the State of Kansas commenced to run in this cause from the date of the original judgments, and the day when they were rendered in the State of Iowa, and that said causes of action were therefore barred by said statutes, prior to the institution of this suit.

To which conclusions of law upon the facts, as found by the court, and as appearing in the evidence, the plaintiff, by his counsel, excepted.

It is agreed that the only defense to the plaintiff's cause of action is the two-years limitation, provided in the amendatory act, approved February 10, 1859, and this was, by the court below, held sufficient.

In arriving at that conclusion, the court held, first, that the Kansas statute commenced running against the Iowa judgments the day they were rendered in Iowa; and, second, that the defendant, Horn, must be deemed to have had his legal residence in Kansas from the time his family first came here in June, 1863.

With regard to the first of these propositions, as to

the time when our statutes of limitation begin to run against a cause of action in a case of this kind, this court expressed its opinion, fully and clearly, in the case of Bonifant *v.* Doniphan (3 *Kas.*, 26); and as we remain entirely satisfied with the reasoning in that case, it must be considered conclusive and final: We held, for the reason there given, that the statute of February 10, 1859, did not begin to run against the plaintiff's demand, until the defendant established his legal residence or domicile in Kansas.

The question as to what constitutes a domicile or legal residence, we are well aware is not free from difficulties, as is evident from the fact that writers on jurisprudence have never yet been able to agree upon any precise definition of the word "domicile" which meets with general acceptance.

The definition given by Vattel is confessedly imperfect, while Bynkershoek declined even to attempt a definition. It is certainly not our intention to hazard a definition when such great masters have failed, and in using the word we shall use it merely as synonymous with the terms "legal residence," or "home."

It is apparent to the casual reader of the reported cases in which the question of domicile has received judicial consideration, that the animus or intent of the party whose domicile was in question, was deemed to have great weight in the determinations arrived at; and we apprehend that such was the fact in regard to the case now under consideration.

The court below found, as a conclusion of law from the admitted facts, that the defendant, Horn, had a legal residence in Kansas, from the — day of June, A. D. 1863, when his family first arrived here. Having sold his homestead in Iowa, boxed up his household

furniture, and sent his family to Kansas, with the intent of making Kansas his future home, the will is taken for the deed, and the arrival of the wife and children in Kansas with trunks containing personal clothing only, while the husband and household goods remained at or near the old home in Iowa, is held by the court below to effect the change of domicile.

But we find it laid down in all the authorities that an original domicile, whether of birth or otherwise, if once fixed, "clings closely," and we conceive that it can never be changed by the mere intent of the party. The act must accompany and verify the intent. As the homely proverb asserts that "actions speak louder than words," actions must corroborate, and confirm the words. "The fact and the intent must concur."

Had the defendant accompanied his wife and children to Kansas, and remained there, though for ever so short a time, if long enough to establish them in a new home, even though such new home had been a boarding place in the house of relatives, then indeed the intent might have been effectual in giving character and significance to the act.

But we cannot think that the intent of the husband to follow his family to Kansas at some future time had the effect of giving him a legal residence in this state, months before he had set foot upon her soil. Intents and purposes are subject to change, and are seldom to be taken as the equivalent of substantial deeds.

We must conclude, therefore, that the defendant did not acquire a legal residence in Kansas in June, 1863.

Did his coming to Kansas in September of that year give him such residence? He remained but a short time—left the household goods still boxed up in Iowa, and after stopping a few days, and making some nego-

tiations for the purchase of a house, left for the former home, taking his family and their effects away with him.

If at that time the plaintiff, using diligence to collect his debt, had arrived at Atchison, and consulted counsel as to the legality of a service made upon the defendant, by leaving a summons at the house where the wife and children had boarded, would any attorney have had the hardihood to advise him that such service would be valid?

From a careful consideration of the premises, we are of opinion that no facts are shown to have existed in this case which could be deemed sufficient to charge the plaintiff with notice that his creditor had established a domicile in Kansas at any time prior to March A. D. 1864, and as two years from that time had not elapsed when the action was commenced, and service was duly made upon the defendant, the judgment of the court below must be reversed.

All the justices concurring.