## Case No. 13,161.

### SOHN v. WATERSON.

[1 Dill. 358.] [1]

Circuit Court, D. Kansas. 1870.[2]

LIMITATION OF ACTIONS—KANSAS STATUTE—CONSTRUCTION—REPEAL.

1. The act of the Kansas legislature of February 10, 1859 (Comp. Laws Kan. 1862, p. 232), providing that actions on contracts made and judgments rendered beyond the limits of the state, "shall be commenced within two years after the cause shall have accrued," should have a prospective operation; and where the defendant resided in the state when that act took effect, the creditor has two years thereafter within which to bring suit; but if he was not such resident, the statute does not begin to run in his favor until he comes into the state.

2. After a claim has been fully barred under that act, the defendant's liability is not revived by its subsequent repeal; but he is protected from such liability by express legislative provision.

This action is brought in this court by the plaintiff, a citizen of Ohio, upon a judgment which he recovered against the defendant, in the court of common pleas of Butler county, in the state of Ohio, on the 17th day of October, 1854. It is alleged in the petition that the defendant is now a citizen of the state of Kansas, and has been a citizen and resident of said state ever since the year 1854. The defendant pleads, in defence, that the action is barred by the limitation statutes of the state of Kansas; first, that it is barred because it was not brought within two years; second, because not brought within three years, and third, because not brought within ten years after the cause of action accrued. To these pleas the plaintiff demurred, and their sufficiency was the question argued and submitted to the court.

N. C. McFarland, for demurrer.

Wilson Shannon, opposed.

Before DILLON, Circuit Judge, and DELAHAY, District Judge.

DILLON, Circuit Judge. On the argument the defendant's attorney stated to the court

[1] [Reported by Hon. John F. Dillon. Circuit Judge. and here reprinted by permission.]
[2] [Affirmed in 17 Wall. (84 U. S.) 596.]

that he relied exclusively upon the plea that the action was barred, because not brought within two years after the right of action accrued; and to this single question our opinion is limited.

The present action was commenced in this court in August, 1870. It was founded upon a judgment rendered in Ohio, in 1854. It was alleged and admitted that the defendant came into this state to reside and has resided here ever since the year 1854.

Since the defendant claims nothing from the statute of 1855 (Laws 1855, p. 96), nor from that of 1858 (Laws 1858, pp. 66, 67, § 18), but rests the sufficiency of his plea upon the act of February 10, 1859 (Comp. Laws Kan. 1862, p. 232), and the twenty-fifth section of the limitation act in the Statutes of 1868 (Comp. Laws Kan. 1862, p. 635, § 25), it is not necessary to refer at length to other statutory provisions noticed by counsel in the course of the argument.

By the above mentioned act of February 10, 1859, it is provided that "all actions founded on any promissory note, * * * contract, judgment, decree, or other legal liability, made, executed, rendered, entered into, or incurred beyond the limits of this territory shall be commenced within two years next after the cause or right of such action shall have accrued, and not after."

This act was amendatory of the general statutes of limitations then in force, which contained no provisions in terms applicable to foreign judgments; but which did contain a provision that "if, when a cause of action accrues against a person, he be out of the territory, * * * the period limited for the commencement of the action shall not begin to run until he comes into the territory." Comp. Laws 1862, p. 128, § 28. The two acts are in pari materia, and are to be read together.

This act of February 10, 1859, it is admitted is not now in force, but it remained in force more than two years after it went into effect. In fact it continued in force until it was repealed by the Statutes of 1868. In the General Statutes of Kansas of 1868, there is, it is conceded, no provision limiting actions on foreign or other judgments. This was probably a casus omissus. But the chapter on limitations of actions (chapter 80, art. 3), contains the following: "Sec. 25. When the right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or defence." Gen. St. 1868, p. 635. This enactment took effect October 31, 1868. And by another provision it is enacted that the repeal of a statute shall not affect any right which accrued thereunder. Id. p. 1128, § 6.

As the defendant was a resident of this state when the act of February 10, 1859, took effect, it is our opinion that the two years limitation therein provided, began to run in favor of the defendant as against the present cause of action, from that period, and

that this action might have been brought at any time within two years after that act went into operation. Not having been brought within that period it was barred; and under the statute provisions before mentioned, the repeal in 1868 of the act of 1859, did not revive the liability of the defendant, or affect the right of the defendant which accrued thereunder to have the present cause of action treated and held as barred thereby.

But however this might be independent of the above mentioned section 25, c. 80, art. 3, Gen. St. 1868, it seems perfectly clear that the effect of that section is to continue to the defendant the benefit of limitation provided by the act of 1859. Its language is that "when the right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or defence."

The present right of action was barred by the act of 1859, before it was repealed, and by the express terms of the statute that right is not now available to the plaintiff.

The argument made by the plaintiff against the effect of section 25, is that a statute, merely, never bars a right of action; that to operate as a bar a suit must be brought, and the statute of limitation pleaded, or specially relied on; and hence as no suit was brought on the judgment while the act of 1859 was in force, the right of action is not barred. But this is not the meaning of the legislature. Such a construction of section 25 would quite nullify the statute, and deprive it of practical effect, making it either useless or unavailing. The provision of this section would be useless if the act of 1859 had been successfully pleaded to a suit brought while it was in force; unavailing if successfully set up in such a suit.

As it is our opinion that the act of 1859 would not begin to run, if the defendant was a resident of the state, until the date of its taking effect, and if he was not a resident when it took effect, then not until he became such, it follows that the defendant's proposition that the statute is void and wholly inoperative, as respects the plaintiff's cause of action, because it barred it instantly upon its going into operation, is not applicable to the case.

This giving to the statute a prospective operation, notwithstanding its language that the "action shall be commenced within two years next after the cause or right of such action shall have accrued, and not after," is consonant with justice, with established rules of construction, and is necessary as applied to past or pre-existing causes of action, arising out of the state, to prevent the complete overthrow of the legislative intention which was to provide a limitation period in such cases.

When viewed, as all cases ought to be, in the light of the special facts on which they were decided, this construction is not in conflict, but rather in harmony with the questions ruled in the cases referred to by counsel as having been decided by the supreme court of the state. Auld v. Butcher, 2 Kan. 135; Bonifant v. Doniphan, 3 Kan. 26; Hart v. Horn, 4 Kan. 232.

The precise point here involved does not seem to have been adjudged by that court, but we feel quite satisfied that they would not decide it otherwise than we have done. Judgment accordingly.

[This judgment was affirmed by the supreme court, where it was carried by writ of error. 17 Wall. (84 U. S.) 596.]