## WALTER B. BEEBE, *et al.*, v. FRANK DOSTER.

ABSENT TAX-DEED HOLDER; *Suit, When Barred.* Absence from the state on the part of a tax-deed holder will not prevent §141 of the tax law from so operating as to bar any suit or proceeding brought against the tax-deed holder or his heirs or assigns for the recovery of the property, or to defeat or avoid the tax deed, if such suit or proceeding is not commenced within five years from the time of the recording of the tax deed.

*Error from Marion District Court.*

EJECTMENT, brought by *Doster* against *Beebe* and another. Trial by the court at the June Term, 1885, and judgment for plaintiff. The defendants bring the case to this court. The opinion states the material facts.

*L. F. Keller,* for plaintiffs in error.

*Gillett, Fowler & Saddler,* for defendant in error; *C. N. Sterry,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought in the district court of Marion county, on December 25, 1884, by Frank Doster against Walter B. Beebe and G. L. Mastin, to recover certain real estate in said county. The action was tried by the court without a jury, and the court found generally in favor of the plaintiff and against the defendants, and rendered judgment accordingly. The defendants bring the case to this court for review.

The defendant in error, plaintiff below, claims title to the land in controversy under a quitclaim deed executed by Elias W. Tuttle, the original patentee, to the plaintiff below, on October 11, 1884. The plaintiffs in error, defendants below, claim title under a tax deed executed by the county clerk of Marion county to Walter B. Beebe, on May 12, 1875, in pursuance of a tax sale of the land made on May 8, 1872, for the taxes of 1871, and the payment of the subsequent taxes for the years 1872, 1873, and 1874; which tax deed was recorded on May 17, 1875. The tax deed is regular in form and valid upon its face. The defendants below have been in the actual possession of the property since May or June, 1883, and it may be for a longer period of time. Walter B. Beebe, the holder of the tax deed, is a resident of Ohio, and a nonresident of Kansas, and has not been within the state of Kansas for a period of time aggregating five years since the tax deed was recorded, although he has visited Kansas every year

since that time, and has stayed in Kansas from three to eight months each time. Neither the plaintiff, Doster, nor his grantor, Tuttle, has ever been in the actual possession of the property.

The first question arising in this case is, whether the five-year statute of limitations contained in § 141 of the tax law of 1876, (Comp. Laws of 1885, ch. 107, § 141,) has so run as to bar any action brought for the recovery of the land purporting to be conveyed by the tax deed, or to defeat or avoid the effect of such tax deed. This question has been elaborately argued by counsel on both sides. The defendants below claim that, as more than five years elapsed from the time of the recording of the tax deed to the time when this action was commenced, the statute of limitations has completely run in its favor, and therefore that all action tending to defeat or avoid its force or effect is completely barred; while the plaintiff below claims that, as the holder of the tax deed has not in the aggregate been within the state of Kansas for the period of five years from the time of the recording of the tax deed until this action was commenced, such statute of limitations has not completely run, and that the present action is not barred; and he claims this solely upon the ground that § 21 of the civil code applies to this question and modifies and limits the force and effect of the provisions of said § 141 of the tax law, and prevents such § 141 from running or operating while the holder of the tax deed is absent from the state of Kansas. The question then, is really this: Does § 21 of the civil code apply to and modify or limit the force and effect of the provisions of § 141 of the tax law? We shall now proceed to consider this question; and in doing so it will be necessary to consider many of the other sections of the statutes.

Article 3 of the civil code contains and includes all the sections of such code, from § 13 to § 25. Section 15 of such article reads as follows:

"Sec. 15. Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different

limitation is prescribed by statute, the action shall be governed by such limitation."

Section 16 prescribes limitations for the commencement of real actions, and among other limitations upon the bringing of actions for the recovery of real property, it fixes two years after the recording of a tax deed within which to bring the action, and fifteen years as a general limitation.

Section 18 prescribes limitations for the commencement of personal actions.

Section 21 reads as follows:

"SEC. 21. If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

Section 141 of the tax law reads as follows:

"SEC. 141. Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of land for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

Section 128 of the tax law reads as follows:

"SEC. 128. The lands of minors, or any interest they may have in any lands sold for taxes, may be redeemed at any time before such minor becomes of age, and during one year thereafter. And the lands of idiots and insane persons, so sold, or any interest they may have in the same, may be redeemed at any time within five years after such sale, in the manner provided in this act."

The plaintiff below claims that § 21 of the civil code modifies and limits § 141 of the tax law, for the following reasons:

1. Section 21 of the civil code is general in its terms, applying to *all* causes of action and to *all* limitations. It says:

"When a cause of action accrues," *etc.;* meaning when *any* cause of action accrues, whether the same is mentioned in the civil code or not. "*The* period *limited* for the commencement. of the action shall not begin to run," etc.; meaning *the period limited by any statute* shall not begin to run, *whether this statute is a part of the civil code, or is some other statute,* and that the time of the absence of the holder of the cause of action from the state shall, *in all cases,* be excluded in computing the period within which the action may be brought. It is claimed that, notwithstanding § 15 of the civil code, § 21 of the civil code includes "*special cases*" of limitation, prescribed *by other statutes* than the civil code, as well as the general cases of limitation prescribed by such code.

2. This is the construction, it is claimed, given by the supreme court of Kansas in the case of *Bonifant v. Doniphan,* 3 Kas. 26, to § 28 of the civil code of 1859, which § 28 corresponds to § 21 of the present civil code; which decision has never been overruled, but has since been approved and followed. (*Hart v. Horn,* 4 Kas. 232, 237, 238; *N. M. Rld. Co. v. Akers,* 4 id. 453.)

3. Since the decision of the case of *Bonifant v. Doniphan,* which was rendered at the July term of the supreme court of Kansas in 1864, all the statutes which have any application to this case have been reënacted, and evidently with the construction already put upon them by the supreme court.

4. Section 21 of the civil code and § 141 of the tax law both relate to limitations of actions, and, being *in pari materia,* must be construed together, and one as limiting and modifying the other. Section 21 of the civil code must be construed as limiting and modifying § 141 of the tax law.

5. Unless § 141 of the tax law is thus limited and modified, and construed not to operate in favor of a tax deed while the holder thereof is a non-resident and absent from the state, such section, it is claimed, must be held to be unconstitutional and void, for the reason that while the holder of the tax deed is a non-resident and absent from the state, no action can be brought for the recovery of the land, or to set aside the tax

deed, or to defeat or avoid the same, and the original owner has no other remedy; and therefore the original owner might be deprived of his property by the operation of the statute if construed independent of § 21 of the civil code, without ever having any opportunity to have his day in court or to be heard in court, and indeed without having any remedy; and the case of *Hart v. Sansom*, 110 U. S. 151, is cited as authority for the claim that no remedy exists, or could exist, in Kansas, against a non-resident person absent from the state.

6. It is also claimed that any other construction than that § 21 of the civil code limits and modifies § 141 of the tax law, would render § 141 of the tax law unjust and inequitable, and would be a construction "contrary to the true legislative intent."

7. It is also claimed that tax laws must be construed liberally as toward the original owner of the land, and strictly as toward the tax-deed holder.

8. It is also claimed that this court has already decided that absence of the tax-deed holder from the state prevents the limitation prescribed in said § 141 from operating in favor of either the tax deed or the tax-deed holder, and authorities are referred to as supporting this claim; but they do not. This court has never so decided.

On the other hand, it is claimed by the defendants below as follows:

1. Section 141 of the law is complete within itself, and in five years after the recording of any tax deed will absolutely bar any suit or proceeding having for its object the defeat or avoidance of the tax deed, except in certain cases mentioned in the law itself, as where the taxes have been paid, or the land redeemed from the taxes, or where the owner of the land is under some one of the disabilities mentioned in § 128 of the tax law; and with the further exceptions which must upon general principles be understood to exist, as where there is *a want of power* in the taxing officers to make a good tax title, as where the land is not taxable, and where there is *a want of power* in the tax-deed holder to legally and honestly take or hold a

good tax title, as where some trust relation exists between the parties, making it fraudulent on the part of the tax-deed holder for him to assert title as against the original owner; and this claim is also made particularly for the reason that this section says in positive terms that except in certain cases, not including non-residence or absence from the state, the action *"shall be commenced within five years* from the time of recording the tax deed, and not thereafter;" and it is claimed that this section means what it says.

2. This section was placed by the legislature in the tax law, and not in the civil code, and there is nothing in any of the statutes that makes the civil code, with reference to limitations, have any application to this section. Also, there is a limitation of actions with regard to tax deeds, and also modifications of this limitation placed in said article 3 of the civil code, and as the legislature evidently had the subject of limitations of actions with regard to tax deeds and modifications of such limitations under consideration when it enacted that article, it must be presumed that it placed in such article all the limitations of actions with regard to tax deeds which it intended should be modified or controlled or limited in any manner whatever by any of the provisions of said article, and that any limitation of actions with regard to tax deeds not found in that article must be free from all modification or control by any of the provisions of said article. In other words, the legislature had the question of the limitation of actions with regard to tax deeds under consideration when it enacted the civil code and the tax law, and it placed a certain two-year limitation with regard to tax deeds in the civil code because it intended that such limitation should be controlled and modified by the other provisions of the civil code; but it placed the aforesaid five-year limitation in the tax law because it intended that such limitation should not be controlled or modified by any of the provisions of the civil code.

3. The tax law itself enumerates certain exceptions to the five-year limitation contained in said § 141, as where the taxes have been paid or the land redeemed or some disability exists,

and therefore in accordance with well-settled rules of statutory construction we should not look to other statutes to find other exceptions. *Expressio unius est exclusio alterius.*

4. The civil code contains general provisions relating to limitations, as said § 21 of the civil code; the tax law contains only the *special* provisions found in said §§ 141 and 128, and it is well settled that general provisions do not control special provisions, but the reverse.

5. Section 21 of the civil code was enacted in 1868, while § 141 of the tax law was enacted in 1876, eight years afterward. Hence if there is any conflict between them, § 141 of the tax law will modify and control § 21 of the code, and not be modified by it, as is claimed by the plaintiff below.

6. It has further been claimed that § 21 of the civil code applies only to *personal* actions, and not to *real* actions, as follows:

"The evident intent of the legislature in framing said § 21 was to apply it only to those actions which are mentioned in § 18, and denominated as actions 'other than for the recovery of real property,' being actions which are usually spoken of as *personal*, as distinguished from *real* actions. The words of the section, 'If, when an action accrues against a person, he be out of the state,' etc., naturally suggest such classification and application; and, on the other hand, it is quite certain that real property sought to be recovered in any action cannot 'abscond,' or 'conceal' itself, nor 'remove itself out of the state.' It is always here, and always within the jurisdiction of the court; and § 72 of the code provides, among the cases where non-resident defendants may be brought in by service by publication, for those actions 'which relate to or the subject of which is real or personal property in this state, where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a non-resident of the state.'" (4 Kas. L. J. 349.)

It is admitted, however, that the supreme court holds adversely to this claim. (*Morrell v. Ingle,* 23 Kas. 32.)

7. It is also claimed that it was clearly not the intention of the legislature that § 21 should apply to limitations not pre-

43—36 KAS.

scribed by the civil code. Said § 21 is a. part of article 3 of the civil code, which article includes §§ 13 to 25. Section 15 of that article provides that "civil actions can only be commenced within the periods prescribed *in this article*, after the cause of action shall have accrued; but where in *special cases* a different limitation is prescribed by statute, "*the action shall be governed by such limitation.*" And, as § 15 and § 21 of the civil code are in the same article, they must be construed together; and as § 15 says that the code limitations are to be governed by "*this article*," "*but where in special cases a different limitation is prescribed by statute, the action shall be governed by such limitation,*" it cannot be supposed that § 21, which is *general* in its terms, was intended to modify or affect any of the *"special cases"* of limitation which might be found in *a tax law.*

8. Statutes of limitations are now regarded favorably as statutes of repose, and this even where they operate in favor of tax titles. (*Leffingwell v. Warren,* 67 U. S. 599, 606.)

9. Upon the theory of the defendants below, as well as upon the theory of the plaintiff below, an owner of land has ample remedies to protect the land from tax titles. Take the present case as an illustration: The owner of the land is presumed to have known the law, that the land was taxable, and that it was taxed for the year 1871. He could have paid the taxes any time from November 1, 1871, up to May 8, 1872, when the land was sold for the taxes; and if he had done so, the present tax title could not have had any existence. Or, if there were any irregularities in the tax proceedings, he had ample remedies from the beginning up to that time before the county board or in the courts to have such irregularities corrected or his rights adjusted. After the land was sold for the taxes on May 8, 1872, he had over three years, and until May 12, 1875, when the tax deed was executed, within which to redeem his land from the taxes. Or, if there were any irregularities in the tax proceedings, he still had the power to have such irregularities corrected or his rights adjusted by proceedings in the courts. After the tax deed was executed, he had

over five years, or until May 17, 1880, within which to com-
mence an action to determine the regularity and validity of
the tax deed.   After May 17, 1875, when the tax deed was
recorded, he had his action of ejectment specifically given for
the recovery of the land by § 143 of the tax law; and this
without reference to whether the land was in the possession
of the tax-deed holder or not.   Or, he could at any time have
taken possession of the land and have stopped the operation
of the statute of limitations in favor of the tax deed, and
have started in operation the statute of limitations against the
tax deed, and in two years have barred all action against him
for the recovery of the land under the tax deed. (Civil Code,
§ 16, subdiv. 3.)   In this way all his rights would have been
settled and adjusted in two years.   Or, he could have com-
menced an action to set aside the tax deed or remove the cloud
created by it.   And while the tax-deed holder was a non-res-
ident of the state and absent therefrom, he could have obtained
service of summons by publication. (Civil Code, § 72.)   And
it is claimed that the decision in the case of *Hart v. Sansom*,
110 U. S. 151, will not prevent the maintenance of such suits
upon service of summons by publication where the only ob-
ject of the suit is to affect the land as a thing, and not to
affect the original owner personally, or to compel him to do
something personally.   Besides, the owner might and could
have obtained service of summons upon the tax-deed holder
personally, for he visited the county in which the land is sit-
uated every year from 1872 up to 1880, and remained in the
county each time for the period of from three to eight months.
Also, the original owner could have commenced his action of
ejectment against, and could have obtained personal service
of summons upon, G. L. Mastin, who in less than five years
after the recording of the tax deed took the actual possession
of the land in controversy under the tax-deed holder, for
Mastin resided in the county.

10. It is also claimed that the statutes would be valid and
the tax deed good even if the statutes were so construed as
not to give the original owner any remedy except such as the

plaintiff below admits that he has; and he admits that the original owner has all the remedies above mentioned, except that he cannot sue a non-resident tax-deed holder while he is absent from the state. He admits that the original owner has the following remedies, to wit: (1) to pay his taxes before sale; (2) to redeem his land from the taxes after the sale and before the issuance of the tax deed; (3) to show at any time prior to the complete running of the five-year statute of limitations such irregularities in the tax proceedings as would invalidate the sale; (4) or, to take and hold actual possession of the land, and thereby prevent the five-year statute of limitations from operating, and to start a two-year statute of limitations in operation in his own favor; (5) to show at any time, even more than five years after the recording of the tax deed, a want of power in the taxing officers to create a valid tax title; or, (6) a want of power in the tax-deed holder to take or receive a valid tax title; or, (7) that the original owner was under some legal disability.

11. It is claimed that under the statutes of Kansas all tax proceedings with reference to real estate are in their very nature proceedings *in rem*, merely to enforce the payment of the taxes, and to enforce the lien of the taxes upon the land; and that all the statutes with reference to the taxes, tax liens, and tax titles are equally as binding upon the tax-deed holder as upon the original owner of the land; and that they are equally binding upon both; that when the land is sold for the enforcement of the taxes or tax lien, any power given to the original owner to redeem his land from the taxes, or to defeat or avoid the sale for any reason other than that he has discharged the taxes or the tax lien, or a want of power in the taxing officers or the party receiving the tax title, is a mere privilege, not a constitutional right, and can be exercised only in the manner prescribed by the statutes; and that unless he does so redeem his land, or otherwise defeat or avoid the tax title within the manner prescribed by the statutes, the tax title becomes absolute. On the other hand, the tax-deed holder, being a party to the tax proceedings, is as much bound by the statutes relat-

ing to such proceedings, wherever he may be and wherever he may reside, as the original owner of the land is, and his tax deed may be defeated in the very manner prescribed by the statutes. Although he may be a non-resident of the state and not within its boundaries, and although no personal service of summons can be had upon him, but only service by publication, yet if the original owner of the land commences an action against him under § 143 of the tax law for the recovery of the land, and obtains service by publication only under § 72 of the civil code, and in such action obtains a judgment setting aside the tax deed or declaring it void, or otherwise defeating it, the tax-deed holder will nevertheless be as much bound by the judgment as though he resided within the state and upon the land, and was personally served with summons in the action. The tax-deed holder takes his tax deed subject to be defeated in the manner prescribed by statute. The statutes enter into the transaction, and form a part thereof. The case of *Hart v. Sansom*, 110 U. S. 151, can have no application to such a case.

12. It is further claimed by the defendants below that the supreme court has already decided that the limitation contained in § 141 of the tax law will operate in favor of all tax deeds, whether held by residents or non-residents, and by persons in the state or out of the state; and the cases of *Walker v. Boh*, 32 Kas. 354; *Harris v. Curran*, 32 id. 580; and *Doyle v. Doyle*, 33 id. 721, 725, are cited as authorities therefor.

The case of *Bonifant v. Doniphan*, 3 Kas. 26, relied on by the plaintiff below, simply decided that a limitation contained in § 2 of an act entitled "An act amendatory to an act entitled 'An act to establish *a code of civil procedure*,' passed February, 1859," was modified by the provisions of § 28 of *the code* of civil procedure referred to. This amendatory act, being an amendment to the civil code referred to, was of course intended to be a part of the same, and to be construed in connection with its other provisions. This decision has been followed in two or three other cases heretofore cited. There is some *dictum*, however, in the opinion in that case to the extent that

said § 28, which corresponds to § 21 of the present civil code, had application to "special cases" of limitation, found in other statutes than the civil code; but such *dictum* was unnecessary for the decision of the case, and has never since been followed nor referred to.

The case of *Walker v. Boh*, 32 Kas. 354, relied on by the defendants below, was decided upon the theory that the limitation contained in § 141 of the tax law is not modified, controlled or limited in any respect whatever by any of the provisions of the civil code. The case, however, would have been decided in precisely the same way in which it was decided if it had been decided upon the other theory that the provisions of the civil code, including § 21 of the civil code, do modify, control and limit the said limitation contained in § 141 of the tax law.

The other cases cited by counsel for both parties have only such a remote, if any, application to the present case that we do not think that they require any comment.

It is our opinion that § 141 of the tax law is not controlled or modified by any of the provisions of the civil code, and especially not by the provisions of § 21 of the civil code. It was placed in the tax law, and not in the civil code, although another tax-deed limitation is placed in the civil code. Its provisions are limited by other provisions of the tax law, which would indicate that it was the intention of the legislature to place all modifications of its provisions in the tax law. Its provisions are *special*, while the provisions of § 21 of the civil code are *general*, and *general* provisions do not, as a rule, control *special* provisions, but the reverse. It was enacted eight years after § 21 of the civil code was enacted, and its provisions being special, it constitutes one of the "special cases" mentioned in § 15 of the civil code. It was certainly not the intention of the legislature that it should be modified or controlled by any of the provisions of the civil code, but was intended to be a complete limitation within itself, except so far as it is modified by other provisions of the tax law. For still further reasons for holding that this limitation is not con-

trolled or modified by the provisions of the civil code, see the foregoing statements of the claims of the parties. We think the tax deed in controversy in this case is valid, and that the five-year statute of limitations embodied in § 141 of the tax law has completely run in its favor, and bars all action brought to defeat or avoid the same.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.