No. 28,393.

THE COMMERCE TRUST COMPANY, *Plaintiff,* v. BEN S. PAULEN, as Governor of the State of Kansas, et al., *Defendants.*

(271 Pac. 388.)

Opinion filed November 3, 1928.

*A. L. Berger,* of Kansas City, for the plaintiff.

*William A. Smith,* attorney-general, and *W. C. Ralston,* assistant attorney-general, for the defendants.

The opinion of the court was delivered by

HUTCHISON, J.: This is an original proceeding in mandamus to compel the issuance of duplicate coupons to take the place of coupons formerly issued, which have since been lost or destroyed while owned by the plaintiff. The answer of the defendants denies that the plaintiff is entitled to the relief prayed for, and that the writ states a cause of action and prays that the action be dismissed.

It is stipulated that the petition and application correctly state the facts. The only question involved is whether a coupon detached from the bond to which it was originally attached comes within the provisions of article 7 of chapter 10 of the Revised Statutes of 1923, which authorizes the issuance of duplicate bonds and warrants under certain circumstances and on certain conditions, all of which are admitted to have been complied with in this case. The coupons in question are for six months' interest due on $1,000 bonus bonds of the state of Kansas, due and payable January 1, 1928, which were clipped and sent to Topeka, Kan., for collection a few days prior to the date of their maturity. They have been lost or destroyed in the transmission. The following is a copy of one of the coupons, except the signatures of the officers. All others are exactly identical, except each coupon is from a different numbered bond.

"No. 1. On the first day of January, 1928, the state of Kansas will pay to bearer at the office of the state treasurer at Topeka, Kan., or at its subfiscal agency in New York, the sum of twenty dollars ($20), being six months' interest then due on its bond dated July 1, 1927, numbered 29748.

$20.00. ....................................................
                            *Governor of the State of Kansas.*
                         ....................................................
                            *Secretary of the State of Kansas.*
                         ....................................................
                            *Auditor of the State of Kansas."*

R. S. 10-701, 10-702 and 10-704 are as follows:

"That whenever any bond or warrant of the state or territory of Kansas, or any county, city, township, or school district, shall become so far mutilated as to become unfit for circulation, or shall be lost or destroyed, a duplicate thereof may be issued by the officer authorized by law to issue such bonds or warrants, under the regulations and restrictions hereinafter prescribed."

"Such duplicate shall correspond, in number, date, amount and coupons, with the original bond or warrant, and shall have indorsed on its face, and on

the face of each coupon, by the officer issuing the same, the word 'Duplicate,' together with the date of its issuance."

"A duplicate for a lost or destroyed bond or warrant shall not issue until there shall have been filed with the proper officer an affidavit of some person knowing the facts, setting forth the ownership of such bond, the description thereof, the number of coupons thereto attached, and the manner of its loss or destruction, and until there shall have been executed and filed with the same officer an indemnifying bond, with securities to be approved by such officer, in a sum equal to double the amount of such warrant or bond and the coupons attached, conditioned that the parties thereto shall pay all damages which the state, county, city, township or school district, as the case may be, may sustain if compelled to pay such lost or destroyed bonds or coupons."

Does this statute authorize the issuance of duplicate coupons for lost or destroyed detached coupons? Plaintiff insists that it does, and cites numerous cases holding that detached coupons are written contracts for the payment of definite sums of money on definite dates, that they are separate promises, are negotiable, and are subject to separate actions after maturity without regard to the production or ownership of the bonds from which they had been detached. Plaintiff also relies upon the decision in the case of *National Bank v. City of St. John*, 117 Kan. 339, 230 Pac. 1038, as decisive of this case. While the reasoning and some of the language is strongly in line with the views and contentions of the plaintiff, yet the exact question involved in that case was whether the word "may" in the statute above quoted should be considered as "must," or mandatory. The decision plainly and unmistakably points out a duty and obligation on the part of the issuing officers to issue the duplicates, rather than to exercise a discretion in connection therewith, except as to the sufficiency of the showing of loss and the indemnity offered. The defendants in this case do not contend otherwise as to any bond, warrant or attached coupons mentioned in the statute, but earnestly insist that detached coupons are not included within its provisions, reasoning that the statute provides for issuing duplicates of lost or destroyed bonds and attached coupons, and that it was a new right not theretofore existing in law and cannot be extended beyond the express terms of the statute. They rely upon the general principle of interpretation that the mention of one thing implies the exclusion of another thing not mentioned, and invoke the maxim, *Expressio unius est exclusio alterius,* citing a number of Kansas cases and Sutherland on Statutory Construction in support of that doctrine. In most of these cases where that principle has

been applied in Kansas it will be observed that the things thus held to be excluded were in no way connected with the thing or things mentioned and could in no sense be included within or related to the thing mentioned, as "other income" when "taxes" are mentioned (*State, ex rel., v. Ewing*, 22 Kan. 708), "receivers" when "assignees and lessees" are mentioned (*K. P. Rly. Co. v. Wood*, 24 Kan. 619), "grants, sustains or confirms" when "discharges, vacates or modifies" are mentioned (*Snavely v. Buggy Co.*, 36 Kan. 106, 12 Pac. 522), and "absence from the state" when other limitations are mentioned (*Beebe v. Doster*, 36 Kan. 666, 14 Pac. 150). In 2 Lewis' Sutherland on Statutory Construction, 2d ed., § 491 (325), the subject of this maxim is introduced thus:

"This maxim, like all rules of construction, is applicable under certain conditions to determine the intention of the lawmaker when it is not otherwise manifest. Under these conditions it leads to safe and satisfactory conclusions; but otherwise the expression of one or more things is not a negation or exclusion of other things."

There could be no real purpose on the part of the legislature in excluding detached coupons from the provisions of this act and from being substituted by duplicates when lost or destroyed. They possess in substance all the elements of bonds, except that of original indebtedness, and are so closely related to the term "bonds" that the difference is only discernible when used together or in contradistinction with each other.

"When the intention of a statute is plainly discernible from its provisions, that intention is as obligatory as the letter of the statute, and will even prevail over the strict letter. The reason of the law, as indicated by its general terms, should prevail over its letter, when the plain purpose of the act will be defeated by strict adherence to its verbiage." (25 R. C. L. 967.)

"Statutes must have a rational interpretation, to be collected not only from the words used, but from the policy which may be reasonably supposed to have dictated the enactment, and the interpretation should be rigorous or liberal, depending upon the interests with which it deals. It is a familiar principle that rules of strict and literal construction may be departed from in order that absurd results may be avoided, and to the end that a statute shall be effective for the purposes intended." (25 R. C. L. 1077.)

It will further be observed that the terms "coupons thereto attached" and "coupons attached" appear only in the third section of the above-quoted sections under consideration, or that section which has reference to the furnishing of an indemnifying bond. In the preceding sections, entitled "Issuance of duplicate" and "contents of

duplicate," the instruments named are bonds, warrants and coupons. We think the plain and apparent intention of the legislature was to make good the loss of bonds, warrants and coupons without regard to whether the coupons are attached or detached when lost or destroyed; that the express mention in the third section of attached coupons in connection with the indemnifying bond to be furnished should not control the former sections authorizing the issuing of duplicates for coupons without limitation or restriction; and further, that the maxim invoked should not apply here where the intention of the legislature is more than apparent.

"Every statute must be construed with reference to the object intended to be accomplished by it. In order to ascertain this object it is proper to consider the occasion and necessity of its enactment, the defects or evils in the former law, and the remedy provided by the new one; and the statute should be given that construction which is best calculated to advance its object, by suppressing the mischief and securing the benefits intended." (36 Cyc. 1110.)

"General words in a statute should receive a general construction; but they must be understood as used in reference to the subject matter in the mind of the legislature, and strictly limited to it, and should also be so limited in their application as not to lead to injustice, oppression, or an absurd consequence." (36 Cyc. 1118. See, also, Ann. Cas. 1916A, 528.)

Judgment will be rendered for plaintiff. The writ of mandamus will not be issued at this time, but the case will be held open for the purpose of making such further orders as may be necessary.